## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2741 | **DATE** | June 4, 2008 |
| **CASE TITLE** | McRoy vs. Sheahan, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Show Cause [7] is construed as Plaintiff's response to the Court's order directing Plaintiff to show cause why his complaint should not be dismissed as untimely. The Clerk is directed to terminate it as a motion. This action is dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [ For further details see text below.]   Docketing to mail notices.

### STATEMENT

Plaintiff, James McRoy, an inmate at the Cook County Department of Corrections, brings this *pro se* complaint pursuant to 42 U.S.C. §1983. Plaintiff alleges that on June 30, 2004, he left his cell pursuant to the correctional facility's policy that does not allow inmates to remain in their cells and was physically attacked by another inmate with a broom and a steel crutch. A security officer, John Doe 1, observed the attack but did nothing to aid Plaintiff. Plaintiff alleges that the Defendants acted with deliberate indifference to his safety by requiring him to leave his cell, leaving the broom and steel crutch in a common area, and not intervening while he was being attacked. Plaintiff filed the instant suit on May 12, 2008. On May 14, 2008, Plaintiff was order to show cause why his Complaint should not be dismissed as untimely. Plaintiff has filed a "Motion to Show Cause" which the Court construes as his response to the rule to show cause.

Section 1983 claims are governed by the forum state's personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). In Illinois, the limitations period for a Section 1983 claim is two years. *See Johnson*, 272 F.3d at 521. A Section 1983 action accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996).

Plaintiff asserts that his Complaint is timely because it was filed pursuant to an order entered in another of Plaintiff's pending cases, *McRoy v. Sheahan*, Case No. 06 C 3033 (*McRoy I*).

*McRoy I* was filed on June 6, 2006. The initial *McRoy I* complaint alleged that Plaintiff contracted Hepatitis B due to conditions at the correctional facility and that he was not timely/properly tested or treated for the disease. On December 6, 2007, following two appointments of counsel and allowances of appointed counsel to withdraw, Plaintiff filed his first amended complaint. Plaintiff's first amended complaint included the same allegations as the original complaint and also added new allegations and defendants, including allegations that he was attacked on June 30, 2004, by another inmate with a broom and steel crutch because of the policy requiring inmates to leave their cells. On April 10, 2008, Plaintiff's first amended complaint in *McRoy I* was dismissed without prejudice to Plaintiff to file a second amended complaint consistent with that

**STATEMENT**

order.  That order also directed Plaintiff to file a second amended complaint that asserted only related claims, as the first amended complaint asserted unrelated claims against different defendants.  On April 11, 2008, Plaintiff filed a second amended complaint in *McRoy I* setting forth the allegations related to his contracting Hepatitis B and the lack of treatment for the disease.  On May 12, 2008, Plaintiff filed the complaint presently before this Court.

Plaintiff relies on his filing of *McRoy I* on June 6, 2006, to demonstrate that his present complaint is timely.  Plaintiff's present complaint must relate back to the original complaint filed in *McRoy I* because relation back to the first amended complaint filed in *McRoy I* would not bring Plaintiff's allegations as to the June 30, 2004 incident within the applicable statute of limitations because the first amended complaint in *McRoy I* was not filed until December 6, 2007, well after the two year statute of limitations.

An amended pleading relates back to the date of the original pleading if it is permitted by the state law that provides the applicable statute of limitations or if the amendment asserts a claim "that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading . . . ."  Fed. R. Civ. P. 15(c)(1)(A), (B); *Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001).   Under Illinois law, relation back is allowed when the original complaint was timely filed and the amended complaint grew out of the same transaction or occurrence set forth in the original complaint.  735 ILCS 5/2-616(b).  Accordingly, under either Rule 15(c)(1)(A) or Rule 15(c)(1)(B), Plaintiff's current complaint must arise out of the same transaction or occurrence set forth in the original *McRoy I* complaint.

Plaintiff's original complaint in *McRoy I* included allegations relating to Plaintiffs' alleged contraction and inadequate diagnosis and treatment of Hepatitis B at the correctional facility.  Plaintiff's original complaint did include a statement that he filed a grievance on May 7 and May 8, 2004 relating to the policy of requiring inmates to leave their cells.  However, Plaintiff did not include any statements or allegations relating to his May 30, 2004, attack by another inmate.  The attack, which Plaintiff knew of at the time he filed the original *McRoy I* complaint, is not mentioned in any manner.  The lack of any inclusion of allegations relating to the attack is further highlighted by absence of any of the named Defendants in the instant case relating to the attack being included as a named a defendant, or even being mentioned in any manner, in the original *McRoy I* complaint.  Accordingly, Plaintiff's current complaint, alleging claims based on an attack by another inmate with a broom and steel crutch, do not arise out of the same transaction or occurrence set forth in Plaintiff's original complaint in *McRoy I*.  Therefore, Plaintiff's complaint in the instant case does not relate back to the timely filed original complaint in *McRoy I*, and his present complaint was not filed within the applicable statute limitations.

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted.  Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).