# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2741 | **DATE** | June 23, 2008 |
| **CASE TITLE** | McRoy (#2002-0032025) v. Sheahan, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to reconsider [10] is construed to be a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) and is denied.

■ [For further details see text below.]

Docketing to mail notices.
Mail A0 450

## STATEMENT

   Plaintiff, James McRoy, seeks to have this Court reconsider its judgment order dismissing Plaintiff's complaint for failure to state a claim. Judgment was entered on June 4, 2008. Plaintiff dated his motion June 11, 2008, and the Clerk of Court received Plaintiff's motion on June 16, 2008. Plaintiff's motion, which was filed within 10 days of this Court's dismissal of this case on an issue of law, is construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Obriecht v. Raemisch,* 517 F.3d 489, 493-94 (7th Cir. 2008). The "mailbox rule" has been extended to motions to alter or amend judgment. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2002). It appears that Plaintiff delivered his motion to prison\jail officials for mailing within ten business days of the entry of judgment, thus making it a timely Rule 59(e) motion.
   Relief under Rule 59(e) is available only if the plaintiff can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht*, at 494; *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir.2007); *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59(e) "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Whether to grant or deny a Rule 59 (e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

JJD

**STATEMENT**

    The Court has carefully reviewed Plaintiff's motion. Plaintiff fails to carry this burden. He is essentially arguing with the Court's legal reasoning. However, mere disagreements with a district court's legal reasoning are properly expressed by filing an appeal. *See Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("[A]n appeal or motion for a new trial, rather than an FRCP 60(b) motion is the proper avenue to redress mistakes of law committed by the trial judge . . . .").

    For the foregoing reasons, Plaintiff's motion is denied. If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of this order. Rule 4(a)(4), Fed. R. App. P. If he does so, he will be liable for the $455 appellate filing fee.